[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION THIRD PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (NO. 130)
The present action arises out of a slip and fall in a parking lot of premises owned by defendant/third-party-plaintiff Cibero Three USA, Inc. ("Cibero"), and managed by defendant/third-party-plaintiff Monitor.
The third-party plaintiffs entered into a maintenance contract with an entity known as Lawrence Davis, whereby Lawrence Davis would sweep and maintain the third-party-plaintiffs' walkways and parking lots. The term of this contract was from November 1, 1987 to October 31, 1988. On February 29, 1988, third-party defendant Litterbug acquired Lawrence Davis, and continued to provide sweeping services to the third-party plaintiffs pursuant to the contract. The contract which Litterbug assumed contains an indemnification clause whereby the sweeping service agreed to indemnify the third-party plaintiffs for all liability claims which may arise out of the performance of the contract.
On March 7, 1989, the third-party plaintiffs' property manager sent a letter to Litterbug which states that the parties agreed to extend the maintenance contract (which had expired on October 31, 1988) on a month-to-month basis. The letter provides in pertinent part:
This letter is an addendum to the existing contract. Except for the above items, the existing contract's terms and conditions remain the same. (The letter contains some changes to the existing contract with regard to prices and times for performing sweeping services.)
The plaintiff's accident allegedly occurred on April 13, 1989, during the period within which the parties' maintenance contract was being performed on a month-to-month basis.
Litterbug's motion for summary judgment is denied as genuine issues of material fact exist with respect to the following issues:
(1) whether Litterbug, in assuming its predecessor's CT Page 5176 agreement, agreed to be bound by all the terms contained in said agreement, including the indemnification clause which was part of the original contract and
 (2) whether the parties, by agreeing to extend the original contract on a month-to-month basis, intended to be bound by all the terms contained in the original contract, including the indemnification clause.
"In the absence of `definitive contract language,'. . .`the determination of what the parties intended to encompass in their contractual commitments is a question of the intention of the parties, and an inference of fact." (Citation omitted.) Finley v. Aetna Life Casualty Co., 202 Conn. 190, 199 (1987).
BALLEN, JUDGE